UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PREGIS CORPORATION; and PREGIS
INTELLIPACK CORPORATION,

                              Plaintiffs,
                                                    1:13-CV-1535
v.                                                  (GTS/CFH)

FRANKLIN LOGISTICAL SERVICES, INC.,
f/k/a Welch Paper Company; and KENNETH
GORDON WELSH, JR., Individually and in
His Capacity as Chief Executive Officer and
Chairman of the Board of Franklin Logistical
Services, Inc., f/k/a Welsh Paper Company,

                              Defendants.
_____

APPEARANCES:                                        OF COUNSEL:

GOLDBERG SEGALLA LLP                                HEATHER K. ZIMMERMAN, ESQ.
  Counsel for Plaintiffs
5786 Widewaters Parkway
Syracuse, NY 13214-1840

CARTER, CONBOY, CASE, BLACKMORE,                    WILLIAM J. DECAIRE, ESQ.
MALONEY & LAIRD, P.C.
  Counsel for Defendant Welsh
20 Corporate Woods Boulevard
Albany, NY 12211-2362

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this diversity action for breach of contract, unjust

enrichment and conversion filed by Pregis Corporation and Pregis Intellipack Corporation

("Plaintiffs") against Franklin Logistical Services, Inc., and Gordon Welsh, Jr. ("Defendants"),

are Defendant Welsh's motion to dismiss Plaintiffs' Complaint for lack of subject-matter

jurisdiction, lack of personal jurisdiction and improper venue pursuant to Fed. R. Civ. P. 12(b)(1),(2),(3), and Plaintiffs' motion for default judgment against Defendant Franklin Logistical Services, Inc., pursuant to Fed. R. Civ. P. 55.  (Dkt. Nos. 9, 20.)  For the reasons set forth below, Defendant Welsh's motion to dismiss is denied without prejudice to renewal after jurisdictional and venue discovery occurs; and Plaintiffs' motion for default judgment is denied without prejudice to renewal fourteen days after the Clerk of the Court enters Defendant Franklin Logistical Services, Inc.'s default for purposes of Fed. R. Civ. 55(a) and Local Rule 55.1 of the Local Rules of Practice.

## I.    RELEVANT BACKGROUND

### A.    Plaintiffs' Complaint

Generally, Plaintiffs' Complaint alleges that, between March 1, 2012, and November 3, 2012, Welsh Paper Company, the predecessor of Defendant Franklin Logistical Services, Inc. ("Defendant Franklin"), submitted numerous purchase orders to Plaintiff Pregis Corporation ("Plaintiff Pregis") for packaging supplies, which Plaintiff Pregis accepted, filled and shipped in part or in whole from its manufacturing and production facility in Glens Falls, New York, but which Plaintiff Pregnis never received payment for from Defendant Franklin, causing Plaintiffs to incur $233,750.18, plus interest, in damages.  (Dkt. No. 1.)  Based on these factual allegations, Plaintiffs' Complaint asserts five claims against Defendants: (1) a claim for breach of contract under New York common law; (2) an "action for the price" under New York Uniform Commercial Code § 2-709; (3) a claim for unjust enrichment under New York common law; (4) a claim for piercing the corporate veil; and (5) a claim for conversion under New York common law. (*See generally* Dkt. No. 1.)  Familiarity with the particular nature of these claims and the

factual allegations supporting them is assumed in this Decision and Order, which is intended primarily for the review of the parties.

**B.      Parties' Briefing on Defendant Welsh's Motion to Dismiss**

**1.      Defendant Welsh's Memorandum of Law**

Generally, in support of his motion to dismiss, Defendant Welsh asserts three arguments. (Dkt. No. 9, Attach. 4 [Def. Welsh's Memo. of Law].)  First, Defendant Welsh argues that Plaintiffs' Complaint must be dismissed for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1), because the parties are not completely diverse for purposes of 28 U.S.C. § 1332(a) in that the Complaint expressly alleges that, like him, Plaintiff Pregis is a citizen of North Carolina. (*Id.*)

Second, Defendant Welsh argues that, in the alternative, Plaintiffs' claims against him must be dismissed for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), because the Complaint fails to allege facts plausibly suggesting that he has the minimum contacts with New York State necessary to satisfy N.Y. C.P.L.R. § 302(a)(1), but rather alleges merely that "some or all of the packaging supplies [that Plaintiffs] sold to the co-defendant [Franklin] were manufactured at and/or shipped from [Plaintiffs'] manufacturing and production facility in Glens Falls, New York."  (*Id.*)

Third, Defendant Welsh argues that, again in the alternative, Plaintiffs' Complaint must be dismissed for improper venue under 28 U.S.C. § 1391(b) and Fed. R. Civ. P. 12(b)(3) for the following reasons: (a) he is domiciled in, and thus a citizen of, North Carolina; and (b) the only events occurring in New York State that give rise to the claims in question were Plaintiffs' manufacturing and/or shipping some of the products at issue from New York State.  (*Id.*)

## 2.	Plaintiff's Opposition Memorandum of Law

Generally, in response to Defendant Welsh's motion to dismiss, Plaintiffs assert four arguments.  (Dkt. No. 13, Attach. 7 [Plfs.' Opp'n Memo. of Law].)  First, Plaintiffs argue that the Court has subject-matter jurisdiction over Plaintiffs' Complaint because that pleading erroneously alleges that Plaintiff Pregis is a citizen of Delaware and North Carolina, when in fact Plaintiff Pregis is a citizen of Delaware and *Illinois*, a fact established by the affidavit of Kenneth Scharmann (in which he states that he works "at Pregis' headquarters at 1650 Lake Cook Road, Suite 400 Deerfield, Illinois").  (*Id.*)

Second, Plaintiffs argue that the Court has personal jurisdiction over Defendants because Defendant Franklin–"and by extension, [Defendant] Welsh"–have had extensive contacts with Plaintiff Pregis' facility located in New York State, through the following activities: (a) being a customer of Plaintiff Pregis since 1997; (b) ordering products from Plaintiff Pregis' Glens Falls facility between 1997 and 2009; (c) ordering some products from that facility between 2009 and 2013 (including some of the products giving rise to this action); (d) receiving customer service regarding those products from that facility; (e) sending payment for those products to that facility; and (f) receiving collection efforts from that facility between mid-2012 and mid-2013. (*Id.*)

Third, Plaintiffs argue that venue is proper in this District under 28 U.S.C. § 1391(b) for the following reasons: (a) pursuant to 28 U.S.C. § 1391(c)(2), both Defendants are "residents" of the Northern District of New York for purposes of venue, because (i) the Court has personal jurisdiction over Defendant Franklin and (ii) Defendant Welsh is the Chief Executive Officer and Chairman of the Board thereof; and (b) in any event, a substantial amount of the activity giving

rise to Plaintiffs' claims (including Defendant Franklin's ordering of the products, Plaintiff

Pregis' processing of those orders and provision of customer service regarding them, the location

at which Defendant Franklin's was to make payment, and Plaintiff Pregis' efforts to collect the

amounts owed) occurred at Plaintiff Pregis' Glens Falls facility, which is in the Northern District

of New York. (*Id.*)

Fourth, Plaintiffs argue that, in the alternative, if the Court finds that Plaintiffs'

Complaint and motion papers do not establish a prime facie showing of jurisdiction and venue,

Plaintiffs should be permitted to conduct jurisdictional discovery in order to confirm jurisdiction

and venue. (*Id.*)

### 3. Defendant Welsh's Reply Memorandum of Law

Generally, in reply to Plaintiffs' response, Defendant Welsh asserts three arguments.

(Dkt. No. 16 [Def. Welsh's Reply Memo. of Law].) First, Defendant Welsh argues that

Plaintiffs have failed to meet their burden of rebutting the Complaint's allegation that North

Carolina is Plaintiff Pregis' principal place of business for the following reasons: (a) Kenneth

Scharmann, in his affidavit, carefully avoids using the term "principal place of business" when

describing the place at which he works in Illinois, and fails to offer any corporate-formation

documentation that would indicate that Illinois is Plaintiff Pregis' principal place of business; (b)

the status of Illinois as being Plaintiff Pregis' principal place of business is undermined by (i) the

September 7, 2012, invoice attached as Exhibit A to Mr. Scharmann's affidavit, which directs

the recipient to make its check payable to Plaintiff Pregis at "Charlotte, NC," (ii) the invoice

terms and conditions attached as Exhibit B to Mr. Scharmann's affidavit, which refers to

Plaintiff's "Main Office in Glens Falls, N.Y.," and (iii) the affidavit of Lisa O'Donnell, which

indicates that "much of the customer service" for Plaintiffs' business is located in North Carolina; and (c) Plaintiffs have not filed a cross-motion to amend their Complaint, which expressly alleges that Plaintiff Pregis "has its principal place of business in the State of North Carolina."  (*Id*.)

Second, Defendant Welsh argues that, while Plaintiffs have shown that Defendant Franklin had contacts with Plaintiff Pregis between 1997 and 2013, they have not shown that (a) the contacts that occurred in 2012 (only *some* of which were with Plaintiff Pregis' Glens Falls facility) included those contacts giving rise to this action, or (b) Plaintiffs had any contact directly with Defendant Welsh, who swears that he has not transacted any business in New York State.  (*Id*.)

Third, Defendant Welsh argues that Plaintiffs venue arguments are unpersuasive for the following reasons: (a) they cite no case law or precedent for their assertion that, if the Court has long-arm jurisdiction over Defendant Welsh, he becomes a "resident" of the District for venue purposes; and (b) they have not shown that a substantial amount of the activity giving rise to their claims occurred at Plaintiff Pregis' Glens Falls facility, because the three affidavits that they adduce (i) carefully avoid stating that a *substantial* part of the transactions giving rise to Plaintiffs' claims took place in the District, (ii) qualify the number of purchase orders that originated from Defendant Franklin and were processed at Plaintiff Pregis' Glens Falls facility in 2012 as "some," and (iii) do not expressly state that *any* purchase orders from Defendant Franklin in 2012 were sent into this District.  (*Id*.)

###### B.      Parties' Briefing on Plaintiffs' Motion for Default Judgment

Generally, in support of their motion for default judgment against Defendant Franklin,

Plaintiffs argue as follows: (a) Plaintiffs served their Summons and Complaint against Defendant Franklin on January 3, 2014; (b) despite the granting of a 30-day extension of time in which to answer the Complaint (i.e., until February 26, 2014), Defendant Franklin did not do so; (c) more than three months after passed since the expiration of that filing deadline, and Defendant Franklin still has not answered the Complaint; (d) as a result, it is appropriate for "the Clerk of this Court and/or the Court itself [to] enter a default against [Defendant] Franklin . . . pursuant to . . . Fed. R. Civ. P. 55(a)"; (e) moreover, Plaintiffs have, through their Complaint and record evidence, made out a *prima facie* case of liability on their first, second, third and fifth claims pursuant to Fed. R. Civ. P. 55(b); and (f) finally, Plaintiffs have set forth documentary evidence and/or detailed affidavits as to the amount of damages pursuant to Fed. R. Civ. P. 55(b). (Dkt. No. 20, Attach. 5 [Plfs.' Memo. of Law].)

Defendant Franklin has not responded to Plaintiffs' motion for default judgment. *(See generally* Docket Sheet.)

## II. GOVERNING LEGAL STANDARDS

### A. Standard Governing Motion to Dismiss for Lack of Subject-Matter Jurisdiction

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Generally, a claim may be properly dismissed for lack of subject-matter jurisdiction where a district court lacks constitutional or statutory power to adjudicate it. *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000).

On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance

of the evidence. *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 [2d Cir. 1996]). As a result, when deciding such a motion, a district court may look to evidence outside of the pleadings. *Makarova*, 201 F.3d at 113. However, the court may not rely on conclusory or hearsay statements contained in an affidavit. *J.S. ex rel N.S. v. Attica Cent. Sch.*, 386 F. 3d 107, 110 (2d Cir. 2004).

In addition, when deciding such a motion, the court must accept as true all material factual allegations in the complaint, resolve all ambiguities in favor of plaintiff, and draw all inferences in favor of plaintiff. *J.S. ex rel N.S. v. Attica Cent. Sch.*, 386 F. 3d at 110. *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir.2008), *aff'd on other grounds*, 561 U.S. 247 (2010); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Makarova*, 201 F.3d at 113). However, jurisdiction must be shown affirmatively, and that showing is not made merely by drawing from the complaint inferences favorable to plaintiff. *Morrison*, 547 F.3d at 170; *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003).

### B. Standard Governing Motion to Dismiss for Lack of Personal Jurisdiction

"When a defendant moves to dismiss a complaint under Rule 12(b)(2) for want of personal jurisdiction, courts must perform a two-part analysis." *Harris v. Ware*, 04-CV-1120, 2005 WL 503935, at *1 (E.D.N.Y. Mar. 4, 2005).

"First, personal jurisdiction over a defendant must be established under the law of the state where the federal court sits." *Harris*, 2005 WL 503935, at *1 (citing *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 [2d Cir. 1999]). "Under Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, the service of a summons establishes

personal jurisdiction over a defendant 'who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located.'" *Id.* (citation omitted).

"Second, if jurisdiction is established under the governing statute, courts must determine whether the exercise of jurisdiction under the relevant state law would violate the defendant's due process rights." *Harris*, 2005 WL 503935, at *1 (citation omitted). These due process rights require that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

The plaintiff "bears the burden of establishing that the court has jurisdiction over the defendant when served with a Rule 12(b)(2) motion to dismiss." *Aldinger v. Segler*, 04-CV-4405, 2005 WL 2591958, at *2 (S.D.N.Y. Oct. 13, 2005) (internal quotation marks and citation omitted). Unless a court conducts "a full-blown evidentiary hearing," the plaintiff need only make "a prima facie showing of jurisdiction through its own affidavits and supporting materials to survive a motion to dismiss under Rule 12(b)(2)." *Harris*, 2005 WL 503935, at *1 (internal quotation marks and citations omitted). What this means is that, "prior to discovery, a plaintiff may defeat a jurisdiction-testing motion by pleading in good faith, . . . legally sufficient allegations of jurisdiction." *Harris*, 2005 WL 503935, at *1 (internal quotation marks and citations omitted). However, where a defendant "rebuts [a plaintiff's] unsupported allegations with direct highly specific, testimonial evidence regarding a fact essential to jurisdiction–and plaintiff[] [does] not counter that evidence–the allegation may be deemed refuted." *MEE Direct LLC v. Tran Source Logistics, Inc.*, 12-CV-6916, 2012 WL 6700067, at *2 (S.D.N.Y. Dec. 26, 2012). Having said that, if the plaintiff's complaint and affidavits conflict with the defendant's

affidavits, the district court must construe all reasonable inferences in the plaintiff's favor.  *A.I. Trade Finance, Inc. v. Petra Bank*, 989 F.2d 76, 79-80 (2d Cir. 1993); *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir. 1985).

### C.    Standard Governing Motion to Dismiss for Improper Venue

Section 1391 of Title 28 of the United States Code provides, in pertinent part, that a civil action is properly brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.
> 28 U.S.C. § 1391(b).

As in a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that venue is proper when served with a motion to dismiss under Fed. R. Civ. P. 12(b)(3). *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005).  Where the Court relies solely on the submissions of the parties in ruling on the motion, the plaintiff satisfies that burden by pleading facts sufficient to demonstrate a *prima facie* showing of jurisdiction or venue by way of the complaint's allegations, affidavits, and other supporting evidence, which are evaluated in the light most favorable to the plaintiff.  *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 364-65 (2d Cir. 1986).

**D.      Standard Governing Motion for Default Judgment**

"Federal Rule of Civil Procedure 55 provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe*, 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Robertson*, 2008 WL 2519894, at *3 (quoting Fed. R. Civ. P. 55[a]). "Second, pursuant to Rule 55(b)(2), the party seeking default judgment is required to present its application for entry of judgment to the court." *Id.* "Notice of the application must be sent to the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id.* (citing Fed. R. Civ. P. 55[b][2]). "When an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

When a court considers a motion for the entry of a default judgment, it must "accept[ ] as true all of the factual allegations of the complaint . . . ." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (citations omitted). "However, the court cannot construe the damages alleged in the complaint as true." *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds v. Catone Constr. Co., Inc.*, 08-CV-1048, 2009 WL 4730700, at *2 (N.D.N.Y. Dec. 4, 2009) (Scullin, J.) (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 [2d Cir. 1999] [citations omitted]). "Rather, the court must 'conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Eng'rs Joint Welfare, Pension, Supplemental Unemployment Benefit and Training Funds*, 2009 WL 4730700, at *2 (quoting *Alcantara*, 183 F.3d at 155 [citation omitted]). This inquiry "involves two tasks: [1]

determining the proper rule for calculating damages on such a claim, and [2] assessing plaintiff's evidence supporting the damages to be determined under this rule." *Alcantara*, 183 F.3d at 155. Finally, in calculating damages, the court "need not agree that the alleged facts constitute a valid cause of action . . . ." *Au Bon Pain*, 653 F.2d at 65 (citation omitted).

## III.    ANALYSIS

### A.    Defendant Welsh's Motion to Dismiss

#### 1.    Whether the Court Lacks Subject-Matter Jurisdiction over Plaintiffs' Complaint

After carefully considering the matter, the Court finds that Plaintiffs have not made a *prima facie* showing of subject-matter jurisdiction for the reasons stated by Defendant Welch in his memoranda of law. *See, supra,* Parts I.B.1. and I.B.3. of this Decision and Order. To those reasons, the Court adds the following analysis.

Granted, Plaintiffs have adduced the affidavit of Kenneth Scharmann in which he states that he works "at Pregis' headquarters at 1650 Lake Cook Road, Suite 400 Deerfield, Illinois." However, the phrase "principal place of business" in 28 U.S.C. § 1332(c)(1) refers to the place where a corporation's high-level officers direct, control and coordinate the corporation's activities, called the corporation's "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2009). While this "nerve center" will typically be found at a corporation's headquarters, it will not always be so. *Friend*, 130 S. Ct. at 1186. Rather, courts also consider other factors that focus on the place where the corporation's overall policy originates. *Eisenberg v. New England Motor Freight, Inc.*, 564 F. Supp. 2d 224, 229 (S.D.N.Y. 2008). Factors that have been found relevant to the "nerve center" test include the following:

where the directors and stockholders meet; where the executives live, have

12

their offices, and spend their time; where the administrative and financial offices are located and records kept; where the corporate income tax is filed; and by the place which is designated in the charter or other corporate documents as the official headquarters of the company.

*Quintel Corp., N.V. v. Citibank N.A.*, 80-CV-4936, 1984 WL 558, at *3 (S.D.N.Y. July 10, 1984) (citation omitted).

Here, these factors are far from known. Indeed, to the contrary, the record contains an invoice indicating that Plaintiffs' "main office" is in New York State, which is consistent with Plaintiffs' allegation, in Paragraph 1 of their Complaint, that they Plaintiff Pregis has "an office located at 18 Peck Ave, Glens Falls, New York." Moreover, the record contains an invoice indicating that checks are to be made payable to Plaintiff Pregis in North Carolina, and an affidavit stating that much of Plaintiffs' customer service originates in North Carolina, which is consistent with Plaintiffs' allegation, in Paragraph 8 of their Complaint, that Plaintiff "has its principal place of business in the State of North Carolina." Finally, the fact that Plaintiffs have not amended their allegedly erroneous Complaint, despite the passage of at least fourteen months since they realized the alleged error, is not without significance. *See, e.g., John Birch Soc. v. Nat'l Broad. Co.*, 377 F.2d 194, 198 (2d Cir. 1967).[1]

However, while these factors lead the Court to conclude that Plaintiffs have not made a *prima facie* showing of subject-matter jurisdiction, the Court cannot determine whether this failure is due to unspecific affidavits adduced by Plaintiffs or unfavorable facts available to

---

[1]    Plaintiffs are advised that the Court is not in the practice of granting a party leave to amend a pleading without having before it a memorandum of law, an affidavit, and an unsigned copy of the proposed amended pleading, which identifies the proposed amendments through the submission of red-lining or other equivalent means, in accordance with Local Rule 7.1(a)(4).

them.  Moreover, the Court finds, based on the facts alleged and evidence adduced thus far, that a genuine dispute of fact exists regarding Plaintiff Pregis' principal place of business.

For all of these reasons, the Court finds that cause exists to give Plaintiffs a further opportunity to (1) gather evidence in support of their jurisdictional argument and (2) move to amend their Complaint.[2]  Cause also exists to grant Defendant Welsh leave to conduct jurisdictional discovery. If, upon completion of jurisdictional discovery, Defendant Welsh files a second motion to dismiss for lack of subject-matter jurisdiction, Plaintiffs may amend their opposing affidavits and supplement their exhibits thereto (to correct what Defendant Welsh has identified as deficiencies therein).  As a result, this portion of Defendant Welch's motion is denied without prejudice.

### 2.      Whether the Court Lacks Personal Jurisdiction over Defendant Welsh

After carefully considering the matter, the Court finds that Plaintiffs have not made a *prima facie* showing of personal jurisdiction for the reasons stated by Defendant Welsh in his memoranda of law.  *See, supra,* Parts I.B.1. and I.B.3. of this Decision and Order.  To those reasons, the Court adds the following analysis.

The Court acknowledges that Defendant Franklin (through its predecessor Welsh Paper Company) appears to have had an on-going relationship with Plaintiff Pregis' Glens Falls facility between 1997 and 2009, and that the September 7, 2012, invoice adduced by Plaintiffs required Defendant Franklin to send payments to Plaintiff Pregis' Glens Falls facility, and requested

_____

[2]      *See Daventree Ltd. v. Republic of Azerbaijan*, 349 F. Supp. 2d 736, 761 (S.D.N.Y. 2004) ("If a plaintiff has identified a genuine issue of jurisdictional fact, jurisdiction discovery is appropriate even in the absence of a prima facie showing as to the existence of jurisdiction.").

Defendant Franklin to direct customer-service requests to that same facility. For the sake of brevity, the Court will not linger on the fact that the invoice also states that checks are to be made payable to Plaintiff Pregis in North Carolina. More important is the fact that, while these are certainly factors in determining whether a nonresident defendant "transacts any business within the state" and that the cause of action arises out of that transaction, under New York's long-arm statute, N.Y. C.P.L.R. § 302(a)(1), several other factors may be considered, including the following: (i) whether the contract was negotiated or executed in New York; (ii) whether, after executing a contract with a New York business, the defendant visited New York for the purpose of meeting with parties to the contract regarding the relationship; and (iii) what the choice-of-law clause is in any such contract. *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 22 (2d Cir. 2004). Here, the record contains evidence indicating that (1) the parties' contracts were negotiated and executed outside of New York State, (2) Defendant Welsh never visited New York State to meet with Plaintiff Pregis regarding the relationship, and (3) there was no choice-of-law clause in the contracts.

Moreover, while a single purposeful transaction is sufficient to confer jurisdiction over a nonresident defendant under New York's long-arm statute, it may do so only if there is a substantial relationship between the transaction and the claim asserted. *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 169-71 (2d Cir. 2010). Here, while at least one of the package-supplies purchase orders submitted by Welsh Paper Company to Plaintiff Pregis between March 1, 2012, and November 3, 2012, was filled, shipped and serviced from Plaintiff Pregis' Glens Falls facility, apparently missing from the record is evidence establishing what percentage of *all* of the purchase orders at issue were filled, shipped and/or serviced from

Plaintiff Pregis' Glens Falls facility.[3]  Also apparently missing from the record is evidence

establishing what percentage, if any, of the purchase orders in question were (1) submitted to

Plaintiff Pregis in Glens Falls, (2) accepted by Plaintiff Pregis in Glens Falls, (3) invoiced by

Plaintiff Pregis from Glens Falls, and/or (4) attempted to be collected on by Plaintiff Pregis from

Glens Falls.

Furthermore, even setting aside the issue of whether jurisdiction is established under

New York's long-arm statute, the Court must determine whether the exercise of jurisdiction

would violate the Defendant Welsh's due process rights.  Under the circumstances, this question

is determined based on three factors: (i) whether the defendant "purposefully directed" its

activities at residents of the forum; (ii) whether the claim "arises out of or relates to" the

defendant's activities with the forum; and (iii) whether assertion of personal jurisdiction is

"reasonable and fair."  *Akro Corp. v. Luker*, 45 F.3d 1541, 1545 (Fed. Cir. 1995).  As a result,

also of interest to the Court, but missing from the record, is any evidence establishing (1)

whether Defendant Welsh was the primary actor in, or even knew about, the placing of the

purchase orders in question, (2) how many employees and offices Welsh Paper Company had

during the time in question, and (3) whether Defendant Welsh knew that the orders would be

filled at Plaintiff Pregis' Glens Falls facility.  *Merck & Co., Inc. v. Mediplan Health Consulting*,

425 F. Supp.2d 402, 420-21 (S.D.N.Y. 2006) (employing primary-actor test).

However, again, while the Court concludes that Plaintiffs have not made a *prima facie*

---

[3]      The Court notes that, of the 62 invoices submitted by Plaintiffs in support of their
motion for default judgment, it appears that only 11–or 17.7%–list the invoices' return address
and/or customer service address as Plaintiff Pregis' Glens Falls facility; the remaining 51 list the
return address and/or customer service address as Plaintiff Pregis' Granite Falls facility in North
Carolina.  (Dkt. No. 20, Attach. 7.)

showing of personal jurisdiction, the Court cannot determine whether this failure is due to unspecific affidavits adduced by Plaintiffs or unfavorable facts available to them. Moreover, the Court finds, based on the facts alleged and evidence adduced thus far, that a genuine dispute of fact exists regarding whether Defendant Welsh transacted any business within the state and Plaintiffs' claims against him arose out of that transaction, as required by New York's long-arm statute.

For all of these reasons, the Court finds that grounds exist on which to issue an order permitting the parties to conduct jurisdictional discovery on this issue as well. If, upon completion of that jurisdictional discovery, Defendant Welsh files a second motion to dismiss for lack of personal jurisdiction, Plaintiffs may amend their opposing affidavits and supplement their exhibits thereto. As a result, this portion of Defendant Welsh's motion is also denied without prejudice.

### 3. Whether Venue in the Northern District Is Proper

After carefully considering the matter, the Court finds that Plaintiffs have not made a *prima facie* showing that venue is proper in this District for the reasons stated by Defendant Welch in his memoranda of law. *See, supra,* Parts I.B.1. and I.B.3. of this Decision and Order. To those reasons, the Court adds the following analysis.

In arguing that Defendant Welsh is a "resident" of the Northern District of New York for purposes of 28 U.S.C. § 1391(b)(1), Plaintiffs rely on 28 U.S.C. § 1391(c)(2), which provides as follows, in pertinent part:

> [A]n entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . .

Two problems exist with this reliance. First, the statute in question refers to an "entity," and a natural person does not appear to be an entity for purposes of the statute. *See* 28 U.S.C. § 1391(c)(1),(2) (distinguishing between "a natural person" and "an entity"). Second, the Court has already found that Plaintiffs have not made a *prima facie* showing that, and a genuine dispute of fact exists regarding whether, the Court possesses personal jurisdiction over Defendant Welsh. *See, supra,* Part III.A.2. of this Decision and Order.

In alternatively arguing that a "substantial" part of the events or omissions giving rise to the claims occurred in the Northern District of New York for purposes of 28 U.S.C. § 1391(b)(2), Plaintiffs rely on their Complaint, three affidavits and an exhibit. However, for the reasons stated above in Part III.A.2. of this Decision and Order, the Court finds that, based on this evidence, a genuine dispute of fact exists regarding what percentage of the events or omissions giving rise to the claims asserted by Plaintiffs occurred in this District. In addition to the deficiencies described in Part III.A.2. of this Decision and Order, it appears unclear from the Complaint and the record how many purchase orders were submitted by Welsh Paper Company between March 1, 2012, and November 3, 2012, accepted and filled by Plaintiff Pregis in its Glens Falls facility, and never paid for by Defendant Franklin.[4]

For all of these reasons, the Court finds that grounds exist on which to issue an order permitting the parties to conduct venue discovery on this issue. If, upon completion of that discovery, Defendant Welsh files a second motion to dismiss for improper venue, Plaintiffs may

---

[4]     The Court notes that the sum total of the charges listed in the 62 invoices submitted by Plaintiffs in support of their motion for default judgment is approximately $183,861.02–approximately $49,889.16 less than their alleged damages of $233,750.18. (Dkt. No. 20, Attach. 7.) Moreover, the first of these 62 invoices is dated December 20, 2011–nearly two-and-a-half months before the first unpaid purchase order was allegedly submitted by Welsh Paper Company on March 1, 2012. (*Compare* Dkt. No. 20, Attach. 7, at 2 *with* Dkt. No. 1, at ¶ 28.)

amend their opposing affidavits and supplement their exhibits thereto. As a result, this portion of Defendant Welsh's motion is also denied without prejudice.

### B. Plaintiffs' Motion for Default Judgment

#### 1. Whether the Clerk Must Enter Defendant Franklin's Default

After carefully considering the matter, the Court answers this question in the affirmative.

As explained above in Part II.D. of this Decision and Order, Fed. R. Civ. P. 55 sets forth a two-step process that the Court must follow before it may enter a default judgment against a defendant, the first of which is the clerk's entry of party's default. More specifically, Rule 55(a) of the Federal Rules of Civil Procedure provides that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Moreover, Local Rule 55.1 of the Court's Local Rules of Practice provides as follows:

> A party applying to the Clerk for a certificate of entry of default pursuant to Fed. R. Civ. P. 55(a) shall submit an affidavit showing that (1) the party against whom it seeks a judgment of affirmative relief is not an infant, in the military, or an incompetent person, (2) a party against whom it seeks a judgment for affirmative relief has failed to plead or otherwise defend the action as provided in the Federal Rules of Civil Procedure and (3) it has properly served the pleading to which the opposing party has not responded.

N.D.N.Y. L.R. 55.1.

Here, the Clerk never entered default, because Plaintiffs never applied for it. (*See generally* Docket Sheet.) However, the Court finds that the papers submitted by Plaintiffs in support of their motion for default judgment, which were served on Defendant Franklin, fulfill the requirements set forth above. As a result, the Court directs the Clerk to enter Defendant Franklin's default for purposes of Fed. R. Civ. 55(a) and Local Rule 55.1 of the Local Rules of Practice.

### 2. Whether the Court Should Enter Default Judgment Liability Against Defendant Franklin

After carefully considering the matter, the Court finds that it should not enter default judgment against Defendant Franklin at this time.

One of the purposes of the Clerk's entry of default is to place the defaulting party on notice so that it may have a reasonable opportunity to move to set aside the entry of default pursuant to Fed. R. Civ. P. 55(c). *See Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d Cir. 1996) ("[W]e note that the entry of a default judgment in this case is procedurally flawed by lack of compliance with the requirement of Rule 55(a) that the clerk enter a default, a step that affords the defaulted party an opportunity to move, pursuant to Rule 55(c), to vacate the default, . . . ."). Of course, this has not yet occurred because there is no entry of default to set aside.

Moreover, when the motion for default judgment is served on a defaulting party, it must include the Clerk's certificate of entry of default. N.D.N.Y. L.R. 55.2(a),(b). Of course, this also has not yet occurred because there was no certificate of entry of default to include. (*See generally* Dkt. No. 20.)

For all of these reasons, Plaintiffs' motion for default judgment is denied without prejudice.

**ACCORDINGLY**, it is

**ORDERED** that Defendant Welsh's motion to dismiss Plaintiffs' claims against him for lack of subject-matter jurisdiction, lack of personal jurisdiction and improper venue (Dkt. No. 9) is **<u>DENIED</u> without prejudice** to renewal after the completion of jurisdictional and venue discovery; and it is further

**ORDERED** that the Clerk of the Court is directed to enter Defendant Franklin Logistical Services' default for purposes of Fed. R. Civ. 55(a) and Local Rule 55.1 of the Local Rules of Practice; and it is further

**ORDERED** that Plaintiffs' motion for default judgment against Defendant Franklin Logistical Services (Dkt. No. 20) is **<u>DENIED</u> without prejudice** to renewal after **FOURTEEN (14) DAYS** have elapsed since the Clerk's entry of default; and it is further

**ORDERED** that this matter is referred to United States Magistrate Judge Christian F. Hummel for the conducting of limited and expedited jurisdictional and venue discovery consistent with this Decision and Order.

Dated: July 23, 2015
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge